[No. 1623. Decided February 7, 1896.]

WILKESON COAL AND COKE COMPANY, *Appellant*, v.
ARTHUR DRIVER *et ux.*, *Respondents*.

GOVERNMENT SURVEY — LOST CORNER — PROOF OF LOCATION.

Where a corner post placed upon the original government survey
cannot be more definitely located than as being somewhere within
a space covered by a circle whose radius is fifty feet or more, it must
be held to be a lost corner within the rule for the relocation of such
corners.

The relocation of a lost quarter post is without effect unless there
is proof that, in relocating it, the rules prescribed by the United
States statutes and the regulations adopted thereunder, have been
complied with.

Appeal from Superior Court, Pierce County.—Hon.
EMMETT N. PARKER, Judge.    Reversed.

*Remington & Reynolds*, and *Ashton & Chapman*, for
appellant.

*John P. Judson*, for respondents.

The opinion of the court was delivered by

HOYT, C. J.—The briefs in this case are somewhat
voluminous and the argument at the hearing extended
over a wide range, but the questions which it is neces-
sary to pass upon can be reduced to a very small com-
pass.    The suit was in ejectment, and the title to the
land, the recovery of the possession of which was
sought, depended upon the location of the quarter
post on the line between sections 27 and 28.    On the
part of the plaintiff it was contended that it was im-
possible to determine the place upon the ground where
the original post had been set by the government sur-
veyor, that the post itself had been destroyed, and the
ground at and in the vicinity of its location so burnt

over and changed that there was nothing to indicate the original location of the post; that by reason of these facts, the quarter section corners had been so lost that they had to be re-located in accordance with the statutes of the United States and the regulations thereunder, that they had been so re-located under the direction of the county surveyor, that when so re-located, the position of the quarter stake upon the ground was such that the land in question constituted a part of section 27, to which the plaintiff had title.

The defendants contended, first, that it was possible to determine where the original quarter post had been located when the land was surveyed, and second, that it had been relocated by one Hall in accordance with the regulations providing therefor; that in either case its location upon the ground was such that the land in contoversy was part of section 28 to which they had title.    The court gave such instructions to the jury that it could have rightfully found in favor of the de- fendants only upon proof that the place where the quarter post had been originally set had been identi- fied and proven so that it was not lost within the rule relating to relocation.    If there was proof which tended to show where the post was originally located, it was within the province of the jury to find as it did, but if there was no such proof it could not have rightfully so found.    We have carefully examined the evidence upon this question, and have been unable to find any- thing which tended to show (with any degree of exact- ness) where the post was originally located.    None of the evidence fixed the point more definitely than that it was somewhere within a space covered by a circle, the radius of which was fifty feet or more.    This be- ing so, it seems to us that the original location has not been definitely shown; that it was a lost corner

within the rule for the relocation of such corners. But to so hold would work a hardship upon the defendants, to avoid which we directed a reargument upon that single question, hoping that they might be able to produce some authority which would justify us in holding that a corner post, the definite location of which could be so nearly ascertained, was not lost. Upon such reargument the defendants failed to produce any such authority; on the other hand the plaintiff, while producing no authority directly in point, brought to our attention several cases which tended strongly to show that a corner post was lost unless it could be much more definitely located than was this one. We therefore feel compelled to hold that the original location of this quarter post could not be identified and that the corners which it marked were lost within the rule providing for the relocation of lost corners.

It follows that there was no evidence upon which the jury, under the instructions of the court, could have properly found for the defendants. The question as to whether or not the relocation by surveyor Hall had been made in accordance with the regulations for relocating lost corners was taken from the jury by the trial court. Hence the verdict could not be sustained upon that ground, for the reason that it was directly opposed to the instructions of the court. In our opinion, the undisputed evidence as to such relocation made it the duty of the court to do as it did. There was no proof tending to show that in so relocating such quarter post the rules prescribed by the United States statutes and regulations adopted thereunder had been complied with, and until they had, any attempted relocation would be with out effect. It follows that the plaintiff is entitled to have the judg-

ment reversed and the cause remanded for retrial. But it claimed that at the time the cause was submitted it was entitled to a directed verdict in its favor, and that the judgment of this court should give it the benefit of the situation as it then existed.   There is force in this claim, but we are not entirely satisfied that there were not disputed questions of fact as to the relocation of the quarter post by the county surveyor, the decision of which should have been left to the jury.   Such relocation was based upon the alleged discovery of the original corner post at the northeast corner of section 28, and a great preponderance of proof tended to show that its location had been definitely ascertained before making use of it for the purpose of relocating the quarter post, but there was some proof tending to show that such location could not have been ascertained by anything upon the ground at the time when it was claimed to have been located, and it is possible that the jury would have been warranted, under proper instruction, in coming to the conclusion that neither of the relocations had been made as provided for in the statutes and regulations governing United State surveys.  For these reasons the ends of justice will be best subserved by a retrial.

DUNBAR, ANDERS and SCOTT, JJ., concur.

GORDON, J., dissents.